

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 26, 1957

Honorable H. D. Glover,
County Attorney,
Reeves County,
Pecos, Texas

Opinion WW-180.

Re: Whether, under the Adult
Probation and Parole Law
of 1957, S.B. 154, Acts
55th Legislature, 1957,
it is mandatory that a
probation officer be em-
ployed by a county of less
than 12,000 population by
the last Federal Census.

Dear Mr. Glover:

        You have presented for our consideration the question
of whether it is mandatory under the terms of S.B. 154, Acts
55th Legislature, 1957, that a probation officer be employed by
a county of less than 12,000 population by the last Federal
Census.

        In the beginning we would point out that the popula-
tion of the county is immaterial in the determination of this
question, except as the population would bear upon the deter-
mination of the county's portion of the salary to be paid the
probation officer where the judicial district consists of more
than one county. All counties are covered by this Act, regard-
less of their population.

        Section 10 of the above mentioned Act provides for the
appointment and hiring of probation officers in the following
language:

        "Sec. 10. For the purpose of providing
    adequate probation services, the judge or
    judges having original jurisdiction of crimi-
    nal actions in the county or counties, if
    applicable, are authorized with the advice
    and consent of the Commissioners' Court, as
    hereinafter provided to employ and designate,
    the titles and fix the salaries of probation
    officers and such administrative, supervisory,
    stenographic, clerical, and other personnel
    as may be necessary to conduct pre-sentence

>investigations, supervise and rehabili-
>tate probationers, and enforce the terms
>and conditions of probation."

This paragraph of Section 10 governs the answer to the question you have presented, and states that the district judges "are authorized" to employ and designate the titles and fix the salaries of probation officers, and other employees, with the advice and consent of the Commissioners' Court. It is our opinion that the words, "are authorized", merely grant to the district judge permission to take such action and it is not mandatory that he do so. The words used connote discretion on the part of the district judge and the Commissioners' Court in determining whether to employ a probation officer.

We have examined the remainder of Section 10, and the only mandatory provision we have been able to find is that providing that the district judge or judges "shall" appoint a chief adult probation officer where there is more than one probation officer required. We do not think that this provision imports any direction to the judge or judges and the Commissioners' Court in regard to the original hiring of probation officers and other personnel. It merely points out that a division of authority is to be made when more than one officer is required by the judicial district. Therefore, it is our opinion that the employment of a probation officer is not mandatory under the provisions of Section 10 of Senate Bill 154, Acts 55th Legislature, 1957.

## SUMMARY

It is not mandatory that a probation officer be employed by a county under the

terms of Section 10 of Senate Bill 154,
Acts 55th Legislature, 1957.


Very truly yours,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
   Assistant

JHM:pf

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Mrs. Mariette Payne
Wayland C. Rivers, Jr.
Roger I. Daily

REVIEWED FOR THE ATTORNEY GENERAL

By:  Geo. P. Blackburn